## Case No. 17,450.

WESTINGHOUSE v. GARDNER, ETC., AIR-BRAKE CO.

[2 Ban. & A. 55;[1] 9 O. G. 538.]

Circuit Court, N. D. Ohio.   April, 1875.

PATENTS FOR INVENTIONS — AIR BRAKES — PRIOR INVENTION—INFRINGEMENT—VALUABLE IMPROVEMENTS.

1. Although defendant's apparatus is a valuable additional improvement to prior inventions, he is not thereby justified in appropriating and using such of said prior inventions as have been patented to others.

[Cited in Strobridge v. Lindsay, 2 Fed. 694.]

2. A prior description of a part cannot invalidate a patent for the whole.

[Cited in Bundy Manuf'g Co. v. Columbian Time-Recorder Co., 59 Fed. 295; Id., 12 C. C. A. 442, 64 Fed. 852.]

3. The words "substantially as described," must necessarily be implied; and being so implied they involve a reference to the specification.

[Cited in Bortree v. Jackson, 43 Fed. 138.]

In equity.

George H. Christy and W. Bakewell, for complainant.

John Coon, J. J. Coombs, James Parsons, and George Willey, for defendant.

Before SWAYNE, Circuit Justice, and WELKER, District Judge.

WELKER, District Judge. This is a bill in equity, for injunction and account, filed

1 [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

by George Westinghouse, Jr., alleging infringement by defendant of certain patents for improvements in air-brake apparatus. Of these patents two are reissues, viz.: No. 5,504, dated July 29, 1873, of original patent No. 88,929, granted to complainant April 13, 1869, and No. 5,506, dated July 29, 1873, of original patent No. 117,841, granted to complaint August 8, 1871. Both of these are for improvements in steam-power car-brake apparatus. A third patent is for improvement in hose coupling, granted to Barney Mee, on May 7, 1867, No. 64,437, and assigned to complainant.

Defendant filed one original and three supplemental answers. After the proofs were all in, the case was argued exhaustively and at great length, by able and eminent counsel. The importance of the case, however, and the large interests involved, as well as the value of the invention itself to the patentee and to the public at large, fully justified the elaborate discussion which the case received, and rendered necessary the careful consideration which we have given to it. The printed record covers about seven hundred and eighty pages; and nearly thirty patents and provisional specifications offered in evidence by the defendant on the issue of novelty and priority of invention, and not included in the printed record, were discussed at the hearing. On account of a pressure of other duties since the hearing, it is impossible for us now to do more than state generally and briefly the conclusions arrived at by the court.

1. The claims alleged to be infringed by defendant are claims 1 to 7 of reissue 5,504, the third claim of reissue 5,506, and claims 1 to 4 of the Mee patent. The proofs in the case fully sustain the allegation of infringement, by the defendant, of each of three patents embraced in this suit.

The defendant claims to be protected in the manufacture of its air-brake apparatus by letters patent No. 133,847, granted to Gardner, Ranson & Martin on December 10, 1872, for improvement in steam-pumps, reissue No. 4,879 to J. W. Gardner of original patent No. 122,884, dated January 23, 1872, for improvement in steam and air brakes, and patent No. 128,220, to Gardner & Ranson, dated June 25, 1872, for coupling valves for steam and air brakes. These devices are claimed by defendant to be valuable improvements on the apparatus of Westinghouse and Mee, as was ably argued by defendant's counsel; and while we are not disposed to dispute the ingenuity and utility of these devices, and particularly the defendant's apparatus for releasing the brakes, and which may be, and no doubt is, a valuable additional improvement, we are nevertheless of opinion that the air-brake apparatus, as constructed and used by defendant, although embracing these alleged improvements, does infringe the Westinghouse and Mee patents above referred to,

and that these improvements will not justify the appropriation and use by the defendant of that which has been patented to others. The right granted under complainant's patents is exclusive, and the infringement clearly proven.

2. As to reissues 5,504 and 5,506, a second defence is that they are for substantially different inventions from those constituting the subject matter of the original patents. A comparison of the original and reissued patents satisfies us that this defence cannot be maintained. No material change has been made in the specifications of these patents, and the reissued claims are clearly warranted by the specifications of invention, as contained in the original patents. It is a legitimate and important function of a reissue to modify or change the claims of the original patent so as to cover the invention set forth therein.

3. Defendant also avers that the second and third claims of reissue 5,504 are void, for ambiguity. Read in the light of the specification and drawing, we fail to see any ambiguity such as would justify us in declaring them void on that account. This defence must also be overruled. The words "substantially as described" must necessarily be implied; and being so implied, they involve a reference to the specification, which is sufficiently clear to prevent any misunderstanding of the scope and meaning of the claims in question. Seymour v. Osborne, 11 Wall. [78 U. S.] 547; Mitchell v. Tilghman, 19 Wall. [86 U. S.] 391.

4. The issue of novelty was most vigorously contested. As already stated, nearly thirty United States and English patents and English provisional specifications were offered in evidence on part of the defendant, and voluminous expert testimony was taken with reference thereto. Special attack was made on the fourth and fifth claims of reissue 5,504, the patents chiefly relied on being those of Walber, March 16, 1852, No. 8,812; Goodale, May 30, 1865, No. 47,943; Wright, January 17. 1855, No. 12,263; Fullerton, December 29. 1868. No. 85,377; Weeks, January 5, 1869, No. 85,712; Carson, December 9, 1856. No. 16,220; Harris (English), Nos. 216 of 1857, and 2,163 of 1861; Du Trembly & Martin (English), No. 1,737 of 1860, and provisional specification of Michael Siegrist, No. 2,015 of 1863.

We are satisfied that none of these patents or specifications can have the effect claimed for them by defendant. Some are later in date than complainant's invention (even if otherwise sufficient); some are too general, indefinite, and ambiguous in their descriptive parts to constitute an anticipation of that which the complainant has patented and introduced into general public use almost the world over, with most marvellous results in point of increased safety to life and property; and those that are clear and intelligible in their terms fall short, in one or more material respects, of containing the subject matter of the claims referred to. The same patents

and provisional specifications, as well as a number of others, are relied upon by defendant as anticipatory of the first three and the sixth claims of reissue 5,504; and particularly among such additional references were the patents of Miller, January 2, 1855; Hollingsworth (English), No. 2,886, of 1853; McInnis (English), No. 2,594, of 1860, and Kendall (English), No. 3,083, of 1864. As to all of these, in their bearings on the claims last above referred to, our opinion is the same as above stated. They go to show that Westinghouse was not the first to conceive the idea of operating railway-brakes by air-pressure, and that he was not the inventor of the larger part of the devices employed for such purposes. But such fact does not detract at all from his merit or rights as a successful inventor. The organisms covered by the fourth and fifth claims of his patent, reissue 5,504, seem to have been entirely new with him; and the incorporation of these elements, together with that of graduating the air pressure in the brake-cylinders—also shown to be new and of the highest importance and utility—in claims 1, 2, 3, and 6, with other substantial and material differences not necessary to enumerate, fully substantiate his pretensions as an original and meritorious inventor, and entitle him as such to the amplest protection of the law.

Suggestive as these prior patents and provisional specifications may have been, they do not any of them embody that which Westinghouse has invented and claimed; and a prior description of a part cannot invalidate a patent for the whole. The same rule applies in patent law as in mathematics. So far as appears from the testimony in this case, none of the alleged prior inventions of air-brake apparatus have ever successfully been applied to practical use; and when we consider the immense importance of the introduction of the air-brake on railroads, and the incalculable benefit which it has conferred on the public in the readiness and certainty with which the trains can thereby be controlled, and comparative immunity from accidents thus secured, and also the number of devices which have been patented for this purpose, in connection with the fact that Westinghouse was the first, so far as appears in the record and proofs, to put an air-brake into successful actual use, such considerations only strengthen and confirm the soundness of the conclusions to which a careful examination of these prior patents has led us, that there are substantial and essential differences between these prior patents and the Westinghouse apparatus, and that to these differences we may justly attribute the successful and extensive introduction of the Westinghouse air-brake.

In this connection, we need only refer to the language employed by Justice Swayne in Wood v. Cleveland Rolling Mill Co. [Case No. 17,-941]. See, also, Clark Patent Steam & Fire Regulator Co. v. Copeland [Id. 2,866].

As anticipatory of the seventh claim of reissue 5,504, some of the prior patents already cited are relied on, as also the patents of McLaughlin, August 15, 1854. No. 11,527; Lee, July 28,

1868, No. 80,290; and Peddle, February 5, 1867, No. 61,860. As the chief question here is one of legal construction, it will suffice to say that the construction given to the claim by the complainant's counsel seems to be the proper one, and, thus construed, the claim must be held valid.

The only citation in defendant's briefs, as anticipatory of reissue No. 5,506, was the Peddle patent of February 5, 1867; but as Peddle neither describes nor shows in his patent any means whatever of effecting a release of the brake, the defence necessarily fails.

Our conclusions as to the novelty of the invention claimed in the Mee patent are the same as those in reference to the others. The patent of Heneage, of August 16, 1859, No. 25,117, in some respects closely resembles it; but it, as well as the other prior patents cited in the defendant's supplemental brief—Kreuter, Frazer & Dunbar—fails to embody the complete invention, and hence necessarily fails to invalidate the claims of Mee.

5. The only remaining defence necessary to be considered is that of patentable subject-matter. It is somewhat difficult, and perhaps impossible, to draw a clear and well-defined line between what is termed a mere aggregation of devices and what is regarded as a patentable combination. It certainly is not necessary to do so in the present case, for we are clear in our view that the claims of the complainant's patent fall within the latter class. The usual decree for complainant will be entered for injunction and account, with costs.