BRUCE *v.* MARDER and others.*

(*Circuit Court, S. D. New York.* February 22, 1882.)

1. LETTERS PATENT—IMPROVEMENT IN PRINTING TYPES—PATENTABILITY.

Letters patent No. 139,365, granted David W. Bruce, May 27, 1873, for an "improvement in printing types," are not void for want of patentability as being merely for increasing the size of types for figures, nor, when construed in connection with the specification, are they anticipated by the fact that types for figures cast with the body of the type two-thirds the width of the body of the line, were known and in use before.

In Equity.

*Benj. F. Lee,* for orator.

*H. F. Pultzs,* for defendants.

WHEELER, D. J.   This suit is brought upon letters patent No. 139,-365, dated May 27, 1873, granted to the orator for an improvement in printing types. The improvement consists in having types for figures cast two-thirds the width of the body, which is the height of the type, and with correspondingly larger faces, whereby the type can be more readily set, because they can be justified, as printers say, by two of the ordinary three-in-em spaces, and because the print is much more legible. The defences are want of patentability of invention and want of novelty. The claim in controversy of the patent is for "figures and fractions in printing-type cast upon a block equal to two-thirds the width of the body of the 'em' or standard type."

If this claim was to stand upon its own terms merely it would cover only the size of the body of type on which figures are cast, and not the size of the figures themselves, as cast upon the body, and the patent as involved here would have to be considered in that view. But the specification sets forth the old method of casting type for figures, and the indistinctness on account of smallness of the figures as one of the disadvantages of that method, and then proceeds: "To obviate this indistinctness I construct the figures broader by casting them two-thirds of the width of the body," etc., and refers to the accompanying drawings, which show large-faced figures contrasted with small ones as a part of the improvement. The claim is to be read in connection with the specification as if there was added to it the phrase "as specified," or "as set forth." Read in that light the claim is for the broader figures, as well as for the broader body of the type.

*Reported by S. Nelson White, Esq., of the New York bar.

The claim of lack of patentability rests upon the argument that there can be no invention in merely increasing the size of the types for figures, or the width of the body of the type, and none in doing both. At first it would seem that this argument was well founded as to scope of the patent, and sound. But a closer examination of the subject shows that the patent involves more than either of these things, or the combination of both. The invention is not merely of an increase of the size of type for figures. Figures in printing are to be used in the same body of type with letters, and the whole are to be justified, in the language of printers; in other words, spaced so as to fill out the lines. By the old method figures were cast on types one-half the width of the body of the line, whatever the size of the type might be; and an increase of the size of the figures made necessary an increase of the size of the whole. The orator invented a method of increasing the size of the figures without increasing the size of the type of the letters and the body of the line, and a method of conveniently justifying the types for figures by making the width of the body of the type exactly two-thirds of the width of the body of the line, so that they could be justified by two of the ordinary three-in-em spaces, whatever the size of the type of the body of the line might be. This involved finding a new rule of proportion between the sizes of letters and the sizes of figures, and one that not only would give more legible figures, but such as would be more legible without increasing the size of the letters with which they should be printed, and such size of body of type on which to cast the figures that the types could be used conveniently, and economically of space. This required more than mere mechanical skill; it made necessary the creative genius of the inventor. The testimony of practical and largely-experienced printers taken in the case shows that his method was not known before his invention; that it has been of great utility and gone largely into use since. This shows that he discovered and put to use what others skilled in the art had overlooked; that it was very desirable when known, and would very probably have been found out before if ordinary skill in that art could have discovered it. On the whole, the presumption of patentability arising from the grant of the patent is not only not overthrown, but is well sustained.

The evidence as to prior knowledge and use establishes fairly enough that types for figures were cast with the body of the type two-thirds the width of the body of the line before this invention; and if that was all of the invention, or if the claim was to be construed according to its own terms without resort to the specification, so that

no more would be patented, the want of novelty might be made out. But, as before attempted to be shown, the invention involves the increase of the size of figures in proportion to the size of letters in connection with this size of the body of the type, and the whole of that does not appear with the requisite clearness to have been known or used before.

Let there be a decree that the patent is valid, that the defendants infringe, and for an injunction and an account according to the prayer of the bill, with costs.