BUNDY MANUF'G CO. v. COLUMBIAN TIME RECORDER CO.

(Circuit Court, S. D. New York.  January 4, 1894.)

PATENTS—INFRINGEMENT—WORKMEN'S TIME RECORDER.

 The Bundy patent, No. 482,293, for a workmen's time recorder, in which the impression platen is operated by a check in the hands of the workman, is not infringed by a machine in which the platen is operated by clockwork previously wound up.

In Equity. Suit by the Bundy Manufacturing Company against the Columbian Time-Recorder Company for infringement of a patent. Bill dismissed.

C. W. Smith, for orator.

Alen D. Kenyon, for defendant.

WHEELER, District Judge. This suit is brought for alleged infringement of letters patent No. 482,293, dated September 3, 1892, and granted to the orator, as assignee of William L. Bundy, for a

workman's time recorder. In these machines, time wheels, with dates to hours and minutes in type on their faces, are moved by clockwork so as to present these dates synchronously with the clock to an impression platen moving on a rock shaft set in motion by a check on which the workman's number is placed in type sent down a chute, in which it is stopped near the time wheels; and this num- ber and the time are there printed from the type on a strip of paper passed along under a ribbon by a blow from the platen, and the check is then released, and dropped into a receptacle below. Thus the time of inserting the check for beginning or quitting work by the workman represented by the number on the check is correctly recorded and kept on the strip of paper. Machines for recording the time of workmen by printing from types on the faces of time wheels on the turning of cranks or keys existed before this invention. By the method of the orator's patent, the check, when inserted by force of the workman, moves a lever, which is connected by a rod to a crank arm on the rock shaft, and moves the platen away from the faces of the time wheels against the force of a spring, to where it is held until the check in falling strikes another lever extending into the chute, and releases the platen, which, by force of the spring and its own weight, is brought back, and prints the number of the check and the time on the strip of paper. Five claims are alleged to be infringed, which are for:

"(1) In a workman's time recorder, a check, in combination with a check chute, a lever projecting into it, a rod connected to said lever, a rock shaft, and a crank arm thereon, to which said rod is connected.

"(2) In a workman's time recorder, a check, in combination with a check chute, a lever projecting into it, a rod connected to said lever, a rock shaft, a crank arm thereon, to which said rod is connected, and an impression platen mounted upon an arm secured to said rock shaft."

"(5) The combination, with the impression platen, of a rock shaft, to which it is connected, and means to rotate said crank shaft, actuated by the insertion of a check into the check chute."

· "(13) In a workman's time recorder, a clock, time wheels synchronous therewith, a rock shaft, and an impression platen connected thereto and actuated thereby, in combination with a check chute, a rod connected to said rock shaft, a lever connected to said rod and projecting into the check chute, and a check operatively engaging with said lever to rotate said shaft when inserted into said chute.

"(14) In a workman's time recorder, a check, a check chute, and a sliding stop, holding the check upon the printing line, in combination with an impression platen thrown away from the chute by the insertion of the check into the chute, and an arm upon the platen engaging said stop to release said check at the same moment that the impression blow is given by the platen."

In the defendant's machine the impression platen is moved on a rock lever to strike its blow by clockwork separate from the time works, wound up and carried by a spring, and set in motion, at the right moment for printing the number and time, by the weight of the check falling upon a lever extending into the chute, and connected with this clockwork. The first question made for the defendant is whether this is an infringement of any of these claims. These claims do not in themselves refer to the previous description of ·the parts of the machine mentioned in them, but they must be

taken as, in effect, referring to the whole of the instrument in which they belong. Westinghouse v. Gardner, 2 Ban. & A. 55; Bruce v. Marder, 10 Fed. 750. In this view, the several elements of these claims are to be considered as parts of mechanism for bringing the impression platen into operation upon the types on the check and time wheels at the proper time. If the invention had been of a time recorder as a new thing containing these parts, the claims might cover all modes of so bringing the impression platen into operation; but, as it was not, they can cover only substantially these means. Railway Co. v. Sayles, 97 U. S. 556. In the machine of the patent the impression platen is operated by the check in the hand of the workman; in the defendant's machine it is operated by the clockwork previously wound up. This substantial difference seems to run through the whole, and to take the defendant's machine out of the scope of all of these claims. In this view the several serious questions as to the validity of these claims need not be examined into.

Bill dismissed for want of infringement.