BUNDY MANUF'G CO. v. COLUMBIAN TIME-RECORDER CO.

(Circuit Court of Appeals, Second Circuit. December 3, 1894.)

No. 26.

PATENTS—WORKMEN'S TIME RECORDER—INFRINGEMENT.

The Bundy patent, No. 482,293, for a workmen's time recorder, in which the impression platen is operated by a check in the hands of the workmen, is not entitled to a broad construction as a primary invention, and is not infringed by the English machine, in which the platen is operated by clockwork previously wound up.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit by the Bundy Manufacturing Company against the Columbian Time-Recorder Company for infringment of a patent. The circuit court dismissed the bill for want of infringement (59 Fed. 293), and complainant appeals.

Cornelius W. Smith, for appellant.
Alan D. Kenyon, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The bill in equity in this case was founded upon an alleged infringement of the first, second, fifth, thirteenth, and fourteenth claims of letters patent No. 482,293, applied for March 3, 1892, dated September 6, 1892, and issued to William L. Bundy, for a workman's time recorder. The defendant denied infringement, but, if the machines which were made by the respective parties should be considered to be substantially alike, relied upon priority of invention. It manufactures under letters patent for a workman's time recorder, No. 461,822, applied for May 22, 1891, dated October 27, 1891, and issued to John C. English. A large part of the testimony related to the date of the Bundy invention, the complainant endeavoring to show that Bundy was the earlier inventor, and to excuse any apparent lack of diligence in the practice of his invention

and in its presentation to the patent office. Without discussing this question, the circuit court for the Southern district of New York dismissed the bill upon the ground of noninfringement. 59 Fed. 293. As we concur with the circuit court in both its results and its reasons therefor, and as Judge Wheeler's opinion states with clearness and succinctness the vital differences in the mechanism of the two machines, and leaves very little to be added by way of further explanation, we quote his opinion in full:

"This suit is brought for alleged infringement of letters patent No. 482,293, dated September 3, 1892, and granted to the orator as assignee of William L. Bundy for a workman's time recorder. In these machines, time wheels, with dates to hours and minutes in type on their faces, are moved by clockwork, so as to present these dates synchronously with the clock to an impression platen moving on a rock shaft set in motion by a check on which the workman's number is placed in type sent down a chute in which it is stopped near the time wheels; and this number and the time are there printed from the type on a strip of paper passed along under a ribbon by a blow from the platen, and the check is then released and dropped into a receptacle below. Thus the time of inserting the check for beginning or quitting work by the workman represented by the number on the check is correctly recorded and kept on the strip of paper. Machines for recording the time of workmen by printing from types on the faces of time wheels on the turning of cranks or keys existed before this invention. By the method of the orator's patent the check, when inserted by force of the workmen, moves a lever which is connected by a rod to a crank arm on the rock shaft, and moves the platen away from the faces of the time wheels against the force of a spring, to where it is held until the check in falling strikes another lever extending into the chute and releases the platen, which by force of the spring and its own weight is brought back and prints the number of the check and the time on the strip of paper. Five claims are alleged to be infringed, which are for:

" '(1) In a workman's time recorder, a check, in combination with a check chute, a lever projecting into it, a rod connected to said lever, a rock shaft, and a crank arm thereon to which said rod is connected.

" '(2) In a workman's time recorder, a check, in combination with a check chute, a lever projecting into it, a rod connected to said lever, a rock shaft, a crank arm thereon, to which said rod is connected, and an impression platen mounted upon an arm secured to said rock shaft.'

" '(5) The combination, with the impression platen, of a rock shaft, to which it is connected, and means to rotate said crank shaft, actuated by the insertion of a check into the check chute.'

" '(13) In a workman's time recorder, a clock, time wheels synchronous therewith. a rock shaft, and an impression platen connected thereto and actuated thereby, in combination with a check chute, a rod connected to said rock shaft, a lever connected to said rod and projecting into the check chute, and a check operatively engaging with said lever to rotate said shaft when inserted into said chute.

" '(14). In a workman's time recorder, a check, a check chute, and a sliding stop holding the check upon the printing line, in combination with an impression platen thrown away from the chute by the insertion of the check into the chute, and an arm upon the platen engaging said stop to release said check at the same moment that the impression blow is given by the platen.'

"In the defendant's machine the impression platen is moved on a rock lever to strike its blow by clockwork separate from the time works, wound up and carried by a spring, and set in motion at the right moment for printing the number and time by the weight of the check falling upon a lever extending into the chute, and connected with this clockwork. The first question made for the defendant is whether this is an infringement of any of these claims. These claims do not in themselves refer to the previous description of the parts of the machine mentioned in them, but they must be taken as in effect referring to the whole of the instrument in which they belong. Westinghouse v. Air-Brake Co., 2 Ban. & A. 55, Fed. Cas. No. 17,450; Bruce v. Marder, 10

Fed. 750. In this view the several elements of those claims are to be considered as parts of mechanism for bringing the impression platen into operation upon the types on the check and time wheels at the proper time. If the invention had been of a time-recorder as a new thing containing these parts the claims might cover all modes of so bringing the impression platen into operation, but as it was not they can cover only substantially these means. Railway Co. v. Sayles, 97 U. S. 556. In the machine of the patent the impression platen is operated by the check in the hand of the workman; in the defendant's machine it is operated by the clockwork previously wound up. This substantial difference seems to run through the whole, and to take the defendant's machine out of the scope of all of these claims. In this view the several serious questions as to the validity of these claims need not be examined into."

The complainant relied upon the alleged fact that its patent was for a primary invention and was therefore entitled to a broad range of equivalents. Miller v. Manufacturing Co., 151 U. S. 186, 14 Sup. Ct. 310. Upon the character of the invention the question of infringement really depended. The complainant's position was that prior to the alleged date of the Bundy invention no time recorder existed in which, after the insertion of the check, all the work was performed automatically. Other machines existed in which, after the check was placed in the chute, printing was effected through lever mechanism actuated by a key or a cam or a crank which was operated by the workman. This is true, but the result which is claimed by the complainant does not necessarily follow. The "check machine" was not one which accomplished an important result, or a necessary or a greatly desired improvement upon its predecessors, and was not, therefore, a broad invention. Bundy's "key machine," patented November 20, 1888, by letters patent No. 393,205, was and is, as subsequently improved, a very successful machine. It contains the fundamental idea of his subsequent invention, and, while the check machine, which seeks to require nothing of the workman but to drop the check into the chute, is an improvement, it is an invention which covers only that area of equivalents over which patents for improvements ordinarily extend.

Turning now to the question of infringement, in the Bundy machine the weight and the momentum of the check, operating through a series of levers, moved the impression platen. In the machine of the English patent the falling check rocked a lever, whose depression operated a trip which released the platen. The platen was then impelled to strike the blow by a spring which had previously been wound up. The circuit court correctly defined the substantial difference to be that "in the machine of the patent the impression platen is operated by the check in the hand of the workman; in the defendant's machine, it is operated by the clockwork previously wound up." The complainant's counsel urges that the circuit court confined itself to the machine as shown in the English patent, and did not advert to the English machine as made and shown in the model, which he claims differs from the machine of the patent in two respects:

(1) In the patent the wound-up spring impels the platen to strike an impression blow, being released for that purpose by a trip which is operated by a falling check; while in the machine a trip mechan-

ism, operated by the falling check, released the wound-up spring to swing or throw the platen back and set it ready to strike its blow; and (2) in order to provide means to strike the blow, a coiled spring is used, which is in construction and operation the same as the spring in the Bundy patent. If the alleged difference exists, it is not material upon the question of infringement. In the patent the previously stored up force in the clockwork impels the platen to strike a blow, while in the machine as made the clockwork throws the platen back into position to strike its blow. The substantial difference found by the circuit court still exists, which is that in the Bundy machine the force of the check alone moves the platen, whereas in the English machine the previously stored up force in the clockwork brings the platen into position to strike the blow. The decree of the circuit court is affirmed, with costs.