THOMSON–HOUSTON ELECTRIC CO. et al. v. NASSAU ELECTRIC
R. CO. et al.

(Circuit Court, E. D. New York.   June 29, 1901.)

1. PATENTS—CONSTRUCTION OF CLAIMS.
    The effort should be, in the construction of a patent, to ascribe a purpose to each claim, and to avoid a construction which would deprive a claim of a distinct purpose.
2. SAME—INFRINGEMENT—SWITCH FOR ELECTRIC MOTORS.
    The Condict patent, No. 393,323, for a switch for electric railway motors, construed, and *held* valid and infringed as to claims 27, 29, 31, 21, 22, and 10, and not infringed as to claims 20, 28, 23, 24, and 30, but that claims 2 and 7 are invalid.

Supplemental Opinion.   For former opinion, see 108 Fed. 244.

THOMAS, District Judge.   The opinion recently filed herein reached the conclusion that the defendants infringed claims 27, 29, and 31, and there was reserved for further hearing the question whether there was infringement of claims 20, 21, and 22, 28, 2, 7, 10, 23, 24, and 30. Such hearing has been had, and the following conclusions result:

The language of claim 28 is precisely that of claim 29, save the following words in claim 29: "and means controlled by the motor switch for operating the resistance switch." In other words, claim 28 does not in terms provide for unitary control. But the complainants urge that the words "substantially as described" should be deemed a part of that claim, under the decisions of Mitchell v. Tilghman, 19 Wall. 287, 391, 22 L. Ed. 125; Westinghouse v. Air-Brake Co., 2 Ban. & A. 55, 57, Fed. Cas. No. 17,450; Matthews v. Shonberger (C. C.) 4 Fed. 635, 639. But, if such words were supplied, claim 28 would not be infringed unless it were construed to have the precise meaning due to claim 29. In such case claim 28 would be an exact duplication of claim 29, and meaningless, within the decision of Thomson-Houston Electric Co. v. Elmira & H. Ry. Co., 18 C. C. A. 145, 71 Fed. 396. The effort should be, in the construction of the letters, to ascribe a purpose to each claim, and to avoid a construction that would deprive a claim of a distinct purpose. It may be that claim 28 has an independent use, and that under some other state of facts its applicability would appear. Therefore, while there may be propriety in supplying words, nothing may be gained in the present case by adding the words indicated. It is sufficient to determine that claim 28 is not infringed by the defendants, and to leave it to fulfill on other occasions such purpose as the patentee may have intended by the language employed by him.

Claims 21 and 22 have reference to the conception stated in the following language in the specification:

"It is also evident that while the motors are coupled in a given manner a slight movement of the switch will have the effect of cutting in or out one or more of the resistances, Y, and thereby provide an additional means of regulation where slight variations in the speed or power of the motors are required."

The obvious intention was to provide means for regulating the speed and power of the motors where the combinations described in 27, 29, and 31 are employed. Under such an interpretation claims 21 and 22 are infringed, but claim 20, while providing for means of varying the power of the current flowing through the motors, is similar to claim 28, in this: that it does not provide for the unitary control which is essential to the validity of claims 27, 29, and 31. Claim 20 might be construed with reference to the specifications to relate to such combination. But, if that construction were adopted, claim 20 would have the same meaning as claim 21, and would be superfluous. There is no occasion for so limiting claim 20. The fact that claim 21 in hæc verba makes the proper provision excludes the propriety of such construction. Hence it is sufficient to conclude that claim 20 is not infringed.

The next group to be considered is that including claims 2, 7, and 10. Claim 10 provides for a specific mechanism, which is infringed by defendants' controller No. 1. There is no evidence as to the specific mechanism of other controllers of the defendants upon which a decision can now be predicated. It is sufficient, therefore, to limit the infringement of claim 10 to all controllers so similar to No. 1 in construction as may come within the scope of the present holding.

It is questioned whether claims 2 and 7 of this group are broad enough to fall within the condemnation of Thomson-Houston Electric Co. v. Lorain Steel Co. (C. C. A.) 107 Fed. 711. It is unnecessary to discuss the process of reasoning by which the conclusion is reached that claims 2 and 7 cannot be sustained by reason of the holding of the appellate court. In neither claim is there a new element, nor does the union of the parts described result in any new function or mode of operation.

It is further thought that claims 23, 24, and 30 are not infringed by defendants, even if such claims may be sustained, in view of the prior art. The invention is a very narrow one. Claim 30 provides:

"The combination of two motors, a source of electric power, a motor circuit, a switch for coupling the coils of the motors in series or multiple to vary their internal resistance, and a switch to cut either of said motors out of circuit without impairing the operation of the switch."

What is the meaning of the expression "without impairing the operation of the switch"? It is thought that it was the intention of the patentee to state that the employment of the cut-out switch does not prevent the motor switch from coupling the coils of the motors in series or in muliple, to vary their internal resistance. But the defendants contend, and it is thought justly, that when their controllers cut one motor from the circuit they can only control the remaining motor by external resistances, and that the only switch corresponding to the complainants' switch mentioned in the claim is thereby rendered ineffective; while, on the other hand, when Condict cuts out the motor he cuts out the external resistance also. It is understood that Nassau controllers Nos. 3 and 4 alone may infringe claims 23 and 24. These claims call for a controlling switch, and, among other elements, they demand an independent switch to cut one of the motors out of operative circuit. But the defendants use a single switch, which both combines the means of reversing and of cutting out either motor. In addition Condict cuts out the motor by short-circuiting it, while the defendants cut out the motor by disconnecting both its terminals. There is at least sufficient dissimilarity in the devices employed by the complainants and defendants to differentiate the means of effecting the desired result to justify the conclusion already stated, that infringement is not proven. It results that there should be a decree adjudging the validity and infringement of claims 27, 29, 31, 21, 22, and 10, and the noninfringement of claims 20, 28, 23, 24, and 30, and the invalidity of claims 2 and 7.