## TRICO PRODUCTS CORPORATION v. APCO–MOSSBERG CORPORATION.

## APCO–MOSSBERG CORPORATION v. TRICO PRODUCTS CORPORATION

Nos. 2469, 2470.

Circuit Court of Appeals, First Circuit.

Nov. 26, 1930.

James R. Hodder, of Boston, Mass., for Apco-Mossberg Corporation.

Barton A. Bean, Jr., of Buffalo, N. Y. (Harrison M. Brooks, of Buffalo, N. Y., and George P. Dike and John W. Hoag, both of Boston, Mass., on the brief), for Trico Products Corporation.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

These are cross-appeals from a decision of the District Court holding that one claim

of a patent for a windshield wiper was not a valid claim and that the second claim as stated in the patent was valid.

The Trico Products Corporation, assignee of the patent, appeals from the ruling of the court below that the first claim is invalid, and the Apco-Mossberg Corporation appeals from the ruling that the second claim is valid, and that it had infringed upon it.

The invention claimed by the plaintiff, as described in the patentee's application and drawings shown below, consists of a wiping

The wiping element is composed of a back having a channel opening in which are inserted thin multi-plies of rubber of varying widths, with the two outer strips of equal width but narrower than the others, and the next adjacent strips within also of equal width with each other, but wider than the outermost strips or plies, and a center of major strip or ply of still greater width than the adjacent strips, the rubbing edge of each strip on each side of the major ply to be approximately equidistant from each other; the

**Fig. 1.** **Fig. 2.** **Fig. 3.** **Fig. 4.**

element and a U-shaped holder adapted to be attached to a wiping arm, operated either manually or automatically back and forth over the windshield glass of an automobile.

wiping element being inserted in the U-shaped attachment, or holder, the arm or flanges of which are wider than the channeled back of the wiping element, which is fastened

in the U-shaped holder with a screw or bolt in such manner as to allow a free or rocking movement of the wiping element when attached to the ordinary wiping arm in common use in the art. The drawing and application describe a five-ply wiper, though the description of the invention is broad enough to cover multi-ply wiper of any number of plies. The several plies are fastened in the holder in such manner—which is one of the novelty features constituting the claimed invention—as to allow the plies to bend sufficiently when drawn across the windshield by the wiper arm and with each alternate movement bring into contact with the glass the wiping edges of three plies, and also allow the several plies on the side in contact with the glass to open slightly and by capillary action to draw up between the plies in one motion a certain amount of the moisture on the glass which is expelled when the wiper is drawn back over the glass on the alternate and reciprocal motion.

In the drawings, "Fig. 1 is a side elevation of the improved wiper in untensioned contact with the glass of a windshield.

"Fig. 2 is a cross sectional view thereof indicating by dotted (lines) showing the rockable mounting of the wiper.

"Figs. 3 and 4 are enlarged detailed sectional views depicting the wiper in operation on its two reciprocatory strokes."

The claims as set forth in the patent are as follows:

1. "A windshield cleaner for mounting on the windshields of motor vehicles, comprising a multi-ply wiper adapted to be mounted on a wiper arm, whereby the wiper may flop over about its composite wiping edge at the beginning of each stroke of the arm for dragging behind the arm at an incline to the windshield glass, said multi-ply wiper comprising a holder and a plurality of flexible plies projecting unequal distances from the holder, said plies consisting of a major ply with a rubbing edge in constant engagement with the windshield glass and a minor ply on each side of the major ply having a rubbing edge spaced a shorter distance from the holder than said major ply rubbing edge for alternately contacting with the glass on one stroke in co-action with said major ply rubbing edge, and lifting from the glass on the return stroke for reinforcing said constantly engaged major strip during its return wiping stroke, said minor plies acting in alternation with each other."

2. "A wiper for windshield cleaners comprising a holder member adapted to secure a plurality of flexible wiping strips, said holder member having a part for attachment to a movable windshield cleaner arm adapted to be actuated in movements substantially parallel to the windshield glass including co-operating parts on said arm and holder, whereby on the movement of the arm in one direction, the holder member is disposed at an inclination to the face of the windshield glass and on the movement of the arm in the opposite direction, the holder member is inclined in the opposite direction to said face of the windshield glass, a plurality of flexible wiping strips in said holder including a major strip having a rubbing edge adapted to contact with the face of the windshield glass in movements of the arm and holder in both directions on the windshield glass, and minor strips on opposite sides of said major strip, the rubbing edges of said minor strips projecting shorter distances than the edge of said major strip from the holder toward the windshield glass, whereby the minor strips at one side of the major strip in movement of the holder in one direction on the windshield glass engage the windshield glass in wiping contact at different inclinations to the windshield glass than said major strip and provide therebetween moisture-receiving channels and in movement of the holder in the opposite direction on the windshield glass close the moisture-receiving channels and reinforce said major strip without substantial contact with said glass, the minor strips on the other side of said major strip performing the wiping function together with said major strip during said last-named movement."

■ The prior art, so far as it affects this case, consisted of a single ply wiper loosely mounted in a similar holder or attachment under what is known as the Folberg patent, No. 1,489,996, that permitted the rocking or flopping motion at the end of each stroke of the single ply; and a multi-ply squeegee for cleaning windows under what is known as the Tanner patent, No. 1,554,242—both of which patents have been acquired by the plaintiff. While the plaintiff under advice of counsel has applied for a reissue of the Tanner patent, it was clearly done out of abundance of caution and should not militate against the plaintiff's claim that its windshield wiper was a distinct advance in the art.

■■ The Tanner squeegee, as we view it, was never adapted for inserting in a holder permitting a rocking motion such as is shown in the drawings and described in the application for the patent in issue here. The materials used in the Tanner squeegee were of

necessity more rigid than those adapted for use in the plaintiff's wiper, and were not spaced for the purpose of securing the alternate contacts with the glass of the wiping edges of the several plies, being fastened in the frame or holder nearer the contacting ends than the wiping plies in plaintiff's wiper. The Tanner squeegee was never intended by the patentee, nor adapted for the particular use claimed by the patentee in this case and therefore did not anticipate it. Topliff v. Topliff et al., 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658.

■■■ The prior art as displayed in the Folberg patent was not satisfactory in its operation as a windshield cleaner. It was one of the preliminary steps in the improvement of this branch of the art. The single ply without side supports, becoming bent with use, did not then remain in all parts in constant contact with the glass; nor did it do the work so effectively, even when in perfect condition, as the multi-ply wiper. The improvement made by the multi-ply wiper, especially when combined with the rocking or "flopping" movement, was so great as to result in the virtual abandonment of the old single ply wiper. The multi-ply wiper, at least when combined with the rocking movement, was clearly a distinct advance in the art. The great demand for it as indicated by the sales in the two years in which it has been on the market conclusively proves this. As bearing on the novelty of the plaintiff's invention, the manner in which the public adopted it and their competitors copied it, weighs heavily in the favor of its patentability; and favorable action by the Commissioner of Patents and a finding by the District Court on this point requires clear proof to the contrary. Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, 495, 23 L. Ed. 952; The Barbed Wire Patent, 143 U. S. 275, 12 S. Ct. 443, 450, 36 L. Ed. 154; Thomson Spot Welder Co. v. Ford Motor Co., 265 U. S. 445, 447, 44 S. Ct. 533, 68 L. Ed. 1098; Sodemann Heat & Power Co. v. Kauffman (C. C. A.) 14 F.(2d) 393; Nash Eng. Co. v. Trane Co. (D. C.) 20 F.(2d) 439, affirmed in (C. C. A.) 25 F.(2d) 267.

Chief Justice Taft, in Temco Electric Motor Co. v. Apco Mfg. Co., 275 U. S. 319, 48 S. Ct. 170, 172, 72 L. Ed. 298: "The District Judge in Ohio in the K-W Ignition Case was affected in his decision, that the Thompson patent involved invention, by the way in which the public eagerly took it and its marked success, and so, indeed, was the Circuit Court of Appeals of the Sixth Circuit. So are we." The Supreme Court also said in Diamond Rubber Co. v. Con. Tire Co., 220 U. S. 428, 434, 31 S. Ct. 444, 55 L. Ed. 527, if it possessed such an amount of change from the prior art as to have received the approval of the Patent Office, it is entitled to the presumption of invention which attaches to a patent.

■ The only question here, we think, is whether the invention is fully covered by the claims, because a patentee can claim no more of his invention than is covered in the claims set forth in his application and allowed. Rev. St. § 4888 (35 USCA § 33); McClain v. Ortmayer, 141 U. S. 419, 424, 12 S. Ct. 76, 35 L. Ed. 800; Grant v. Walter, 148 U. S. 547, 554, 13 S. Ct. 699, 37 L. Ed. 552.

■ The court below held that under claim 1 the only structural device or substantive thing described is the wiping element, but it is so obscurely described and so mingled with functional descriptions that it does not comply with section 4888 of the Revised Statutes, the judge below saying, under this claim "no novel mode of mounting the wiper is shown or claimed"; "it omits any clear statement of the flexibility of the wiping edges," and "would be readable in a loosely mounted Tanner Squeegee"; the claim "is not directed to those features of the plaintiff's wiper which were novel"; and held claim 1, "if not invalid by reason of its obscurity, too broad in view of the prior art."

■ A function or mode of operation is not patentable. It is the structure, the substantive thing, that produces the result. A claim for the function of the invention is void. Walker on Patents (6th. Ed.) vol. 1, § 162b; Matthews v. Schoneberger (C. C.) 4 F. 635; Hunt, Helm, Ferris & Co. v. C. A. Libbey Co. (C. C. A.) 283 F. 58; Fuller v. Yentzer, 94 U. S. 288, 24 L. Ed. 103; Risdon Locomotive Works v. Medart, 158 U. S. 68, 15 S. Ct. 745, 39 L. Ed. 899; Westinghouse v. Boyden Power Brake Co., 170 U. S. 537, 556, 18 S. Ct. 707, 42 L. Ed. 1136.

■■ It is for the discovery or invention of some practicable method or means of producing a beneficial result or effect that a patent is granted, and not for the result or effect itself. It is only when the term "process" is used to represent the means or method of producing a result that it is patentable, and it will include all methods or means which are not affected by mechanism or mechanical combinations.

Inasmuch as substantially the same claim was made for a wiping element and equally as clearly described under claims 8, 9 and 10

of the application of the plaintiff's assignors, which were rejected by the Commissioner of Patents, we think this claim, which was obviously intended to cover only the wiping element, must be held invalid for this reason, in addition to those assigned by the judge below.

The court below, however, held that the wiping element, at least as described in claim 2, was patentable as being an advance over the prior art. The question of what constitutes an invention is a question of fact. Kurtz v. Belle Hat Lining Co. (C. C. A.) 280 F. 277. The issue of whether the wiping element contains inventive thought is not open here on appeal unless clearly wrong. The construction of the claim, however, is a question of law.

But claim 2, when construed in the light of the drawings and specifications, we think covers not only the wiping element, with the added claim, not contained in claim 1 or claims 8, 9, or 10, of the capillary action by reason of the separation of the plies on the wiping stroke, but also the holder or attachment permitting the wiping element when loosely mounted therein, substantially as shown in the drawing, to rock back and forth, and thus bring the three rubbing edges of the wiping element in contact with the glass.

Drawings may always be treated as an aid in construing a claim, and the descriptions of a machine or device, as contained in a claim, are always to be construed "substantially as set forth" in the drawings. If it is not so stated in the claim, it is implied. The description in the application may also be invoked as an aid. National Tube Co. v. Mark et al. (C. C. A.) 216 F. 507; Walker on Patents (6th Ed.) vol. 1, § 227. We do not think it was necessary for the patentee to describe or claim as a part of his invention what was so commonly known in the art as the wiper arm, motor, and the degree of tension with which the wiping element contacted with the glass. That remained as before in the art. The patentee's contribution to the art under the patent in question was not only the multi-ply wiper made up as described in the drawings, but under claim 2 a multi-ply wiper combined with a U-shaped attachment adapted to be connected with the wiping arm in common use, which permitted a rocking movement of the wiper when drawn back and forth over the windshield glass.

A combination may be of a new element with an old. When it is the combination of the two which produces the advance in the art, it is patentable, and the inventor of the combination is not deprived of his invention although the old is covered by a patent, if he controls it. A combination, to be patentable, however, must form either a new machine or device of a distinct character and function, and produce a result due to joint and co-operating action of all the elements, and not the mere adding together of separate elements, each producing an independent result. Pickering v. McCullough, 104 U. S. 310, 318, 26 L. Ed. 749; National Cash Reg. Co. v. American Cash Reg. Co. (C. C. A.) 53 F. 367, 371. The wiping element of the plaintiff combined with the U-shaped holder permitting the loose mounting shown in the drawing, produces a joint result that is novel and a distinct advance in the art.

While the defendant only sold a multiply wiping element, it would be futile, we think, to claim that it did not sell it to the trade, at least until this suit was brought, with the expectation and intention that it would be used in an attachment permitting a rocking motion, or that it was not a copy of the plaintiff's wiping element. We think it was a contributory infringement of claim 2 of the plaintiff's patent. Its action in later inserting a bolt or screw in its wrappers with instructions that the wiper be rigidly fastened in the holder, indicates that it realized that it was at least contributing to an infringement of claim 2, if it sold a multi-ply wiper for the purpose and adapted to be mounted in a holder in a manner to secure the same results as the plaintiff's combination.

The decree of the District Court is affirmed, without costs.