## SHERIDAN et al. v. SILVER–BROWN CO.
### No. 3616.
District Court, D. Massachusetts.
Oct. 5, 1933.

Lowell S. Nicholson, of Boston, Mass., and E. A. Thompson, of Syracuse, N. Y., for plaintiff.

Francis J. V. Dakin, of Boston, Mass., for defendant.

McLELLAN, District Judge.

This is a suit for infringement brought against the defendant, Silver-Brown Company, by Francis B. Sheridan and William A. Jacobson, joint patentees under United States patent, No. 1,669,790, dated May 15, 1928, for a stocking protector. There is also a counterclaim in which the defendant seeks costs and an account of profits accrued to the plaintiffs and damages sustained by the defendant, because of the alleged infringement by the plaintiffs of United States patent, No. 1,418,855, for a heel lining for repairing shoes, issued June 6, 1922, to H. F. Weston, and now owned by the defendant.

The stocking protector shown in patent No. 1,669,790 is formed of two pieces of material such as leather; the base being shaped to conform substantially with the bottom of a heel, being rounded at its rear end. The side section is of elongated form and tapers from the central portion along curved lines to its opposite ends where the opposite edges intersect and meet in points. The upper edge is curved throughout its length, and the lower edge, which is stitched to the outer edge of

the bottom section, is also curved throughout its length, but the curvature of the bottom edge is on a somewhat longer radius than the curvature of the upper edge. Both curvatures are, however, contiguous and uniform throughout their entire lengths.

This patent has for its objects: The production of a stocking protector that, by reason of its shape (the rear portion of the upper edge inclined forwardly over the base portion so as to force the side portions outwardly as shown in Fig. 1 of the patent drawing), when placed upon a heel, the rear portion is brought into a substantially vertical position and the side portions are drawn inwardly until both sides of the upper edge are turned inwardly so as to firmly grip and cling tightly to the heel of the wearer, thereby protecting the stocking against wear and tending to prevent the shoe from slipping.

The claims of the patent, three in number, on all of which the plaintiffs rely, read as follows:

"1. A stocking protector comprising two pieces of flexible material secured together, one constituting a base and the other a side wall of an article in which the rear of the side wall normally inclines forwardly and overlies the base and the lateral portions of the side wall bow outwardly from the base and when the rear portion of the side wall is moved to a substantially vertical position about its line of attachment to the base, the lateral portions of the side wall are drawn upwardly and their upper edges turn inwardly so as to overlie the base for tightly gripping the sides of the heel of a wearer.

"2. A stocking protector comprising two pieces of flexible material secured together, one constituting a base and the other a side wall, of an article in which the rear of the side wall normally inclines forwardly at an angle of substantially 45 degrees and overlies. the base and the lateral portions of the side wall bow outwardly from the base and when the rear portion of the side wall is moved to a substantially vertical position about its line of attachment to the base the lateral portions of the said wall are drawn upwardly and their upper edges turn inwardly so as to overlie the base for tightly gripping the sides of the heel of a wearer.

"3. A stocking protector comprising a base substantially conforming to the bottom of a heel of a wearer, and a lateral section having an upper and a lower edge both of which are curved, the lower edge being stitched to the edge of the base to produce an article in which the rear portion of the side section normally inclines forwardly and overlies the base and the lateral portions of the side section bow outwardly away from the base."

The defendant concedes the infringement of patent No. 1,669,790, if the patent is valid. Therefore, the only issue is whether the defendant's contention is correct that the Sheridan patent is invalid as anticipated by United States patent, No. 1,418,855, to Weston for a heel lining, in view of the prior art, particularly United States patent, No. 1,122,-884, to Eliason for a heel guard. The prior art patents and publications offered by the defendant disclose nothing to support the defendant's theory of want of invention in the patent in suit beyond what appears in the above-mentioned patents to Weston and Eliason.

The Weston patent discloses a heel repair lining comprising a heel seat and a counter portion with a curved lower edge which, when it is secured to the heel seat, makes the counter portion at an acute angle to the seat at the rear thereof. This heel lining is intended to be used in repairing shoes and is so shaped as, when stitched or otherwise fastened into the shoe, to fit naturally and smoothly into the concavity of the shoe without stretching or manipulation, and without wrinkling or curling of the edges. The heel lining can be made to fit any style of shoe by varying the amount of curvature on the lower edge of the counter portion. This heel lining was not intended by the inventor, nor adapted, to lock to the heel of the wearer and protect the stocking. It does not anticipate the patent in suit. Topliff v. Topliff et al., 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658.

Patent No. 1,122,884 to Eliason discloses a heel guard to be loosely applied to the inside of a shoe. The exterior of the guard is made of a material which will freely slide against the shoe, and the inner walls of the guard are made of a material which will adhere more or less to the stocking of the wearer. The object is to prevent chafing of the heel and wear on the stocking. The construction shown is a rigid and permanently shaped article made to fit the heel of the shoe, and there is no movement between the parts to permit automatic locking or gripping of the sides to the heel of the wearer, as shown in the Sheridan patent.

The defendant urges that there is no patentable difference between a heel lining and a

stocking protector; the difference being one of terminology only. A stocking protector designed for the purpose of preventing wear on the heel of the stocking and unattached to the shoe differs radically from a heel lining attached to the inside of the shoe as a permanent part thereof for the purpose of repairing the shoe; there is a fundamental and definite difference between the articles in purpose and use.

The simplicity of the device does not require the conclusion that it does not involve invention and is a mere exercise of mechanical skill. Expanded Metal Company v. Bradford, 214 U. S. 366, 29 S. Ct. 652, 53 L. Ed. 1034; Diamond Rubber Company v. Consolidated Rubber Tire Company, 220 U. S. 428, 31 S. Ct. 444, 55 L. Ed. 527.

The utility of the device shown by the patent in suit has been established by the evidence. Moreover, it is not open to attack by the defendant. Where infringement is clearly shown, or admitted, the defendant is estopped from asserting lack of utility. Gandy v. Main Belting Company, 143 U. S. 587, 12 S. Ct. 598, 36 L. Ed. 273; Lehnbeuter v. Holthaus, 105 U. S. 94, 26 L. Ed. 939.

The evidence shows and I find that the stocking protectors made according to the patent in suit have met with considerable commercial success. "As bearing on the novelty of the plaintiff's invention, the manner in which the public adopted it and their competitors copied it, weighs heavily in the favor of its patentability." Trico Products Corporation v. Apco-Mossberg Corporation, 45 F. (2d) 594, 598 (C. C. A. 1st Circuit.)

Statements of fact in this opinion are to be taken as findings of fact, and statements of legal conclusions as rulings of law, under the equity rules.

The patent, No. 1,669,790, is valid and has been infringed by the defendant as to all three claims.

It follows that the device constructed according to the Sheridan patent does not infringe the patent, No. 1,418,855, to Weston, relied upon by the defendant in its counterclaim.

The plaintiffs are entitled to the relief prayed for in their bill of complaint, and to dismissal of the defendant's counterclaim, and decrees may be entered accordingly.