## H. W. PETERS CO., Inc., v. MacDONALD (L. G. BALFOUR CO., Intervener).

### No. 431.

Circuit Court of Appeals, Second Circuit.
June 13, 1932.

Harold E. Cole, of Boston, Mass. (Vernon W. Marr, of Boston, Mass., of counsel), for appellant.

D. Lewis Mattern, of Bridgeport, Conn. (D. Lewis Mattern, of Bridgeport, Conn.,

and H. H. Benjamin, of Washington, D. C., of counsel), for defendant-appellee and intervener-appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This suit is for infringement of patent No. 1,570,776, issued January 26, 1926. Prior to this suit, the patent was assigned to appellant. It is for a finger ring having a stone and emblem above the stone. It has had a very marked commercial success; its sale being principally to school and college students.

Theretofore drilled stone rings were made, consisting of a piece of gold, which was bent around to the shape of the finger ring, having a flat or base portion. To this base, in the drilled stone ring, a hollow frame or bezel was soldered; the upper portion of this hollow frame is thinned down so it can be peened over later. The onyx stone used has two holes drilled in it; the top emblem, which is separated from the hollow frame or setting, has two pegs soldered on it. The holes in the stone are then engaged by the pegs, and the pegs are peened over at their ends, which fasten the emblem to the stone. The stone is inserted in the hollow frame which is already united to the base, and the stone rests directly on the base. The upper portion of the sides of the frame are peened over onto the stone all the way around. The top emblem is not a part of the frame or connected thereto.

The work of attaching the emblem to the stone is done by skilled workmen. These workmen are not required in constructing a ring under the patent in suit, and the labor costs are greatly reduced. When the ring made under the patent in suit appeared, it captured the market. The novelty consisted in the holding device and its new features when integrally united to the base. This device consists of a top emblem and a plurality of sides or flanges projecting downward; these sides are always in pairs or multiples thereof in the finished ring. The holding device, having a top emblem directly connected with the sides, prevents the passage of the stone through the top, but is open enough to permit a view of the stone below it. It is an open face top emblem with at least one pair of sides integrally connected with and extending downward from the emblem. But the holding device is a distinct member, as the claims provide. There is a second open face through which the stone may be inserted in place. The claims and specifications do not limit where this second open face may be located, whether at the side of or below the holding device, as long as the stone may be inserted and seen through the first open face or emblem. The inclusion of the stone and means to retain the stone in the holding device completes the ring.

Among the advantages is the fact that the holding device may be stamped out in one piece. The crest on the top emblem may be stamped out separately and integrally united to the remainder of the holding device before the holding device is integrally united to the base. The holding device is machine-made by one or more stamping operations. Hard soldering, which integrally unites one part to another, does not require skilled labor. A hole may be cut in the base, as done by appellant, and the stone there inserted in the second open face into the holding device. A plate may then be soldered under the stone. There is a saving in labor costs. The favor of the ring in the market indicates that it looks better than the drilled stone ring; it affords more opportunity for a design, making possible a greater variety. Designs sell the ring. There is less gold used than in the drilled stone ring. Appellee admits it has doubled its sales of the protected stone ring over the drilled stone ring.

The prior art refers to the patent to Closson, No. 203,323, issued May 7, 1878. This has no holding device, but is a one-piece ring without any base, and was cast, and not stamped, as the patent in suit provides for. The ring band or shank runs up to the top of the ring. The Gunther patent, No. 569,100, issued October 6, 1896, was for a coin-holding device, and was not intended for a ring. The second Gunther patent, No. 569,495, issued October 13, 1896, relates to cuff buttons. It has neither a holding device emblem nor a base. The patent to Bleaden, No. 690,095, issued December 31, 1901, shows a drilled stone ring. The emblem has two pegs which fit into two holes drilled in the stone. The patent to Meyer, No. 1,130,197, issued March 9, 1915, shows a ring which has no holding device with the top emblem. It is unnecessary to consider the other patents cited.

It is not sufficient to constitute an anticipation to say that by modification the function of the patent in suit might be accomplished. Topliff v. Topliff, 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658; Diamond Rubber Co. v. Consolidated Rubber Co., 220 U. S. 428, 31 S. Ct. 444, 55 L. Ed. 527.

The prior use of 1922, referred to as an

anticipation, was a ring having no base and no holding device. The stone was not firmly held; it rattled. The band of the ring was made in two parts, which were semicircular, extending from the inside finger portion of the ring band right up to the emblem itself, sufficient space being left under the emblem to have inserted a stone inside the ring band and upwardly so it would show through the emblem. After inserting the stone, it is hard soldered together. It is not a prior use which will defeat the patent in suit.

The exhibit marked as an infringing ring has a base; the flat portion of the ring is shown in the drawing. It has a holding device integral therewith, having an open face. The parts are hard soldered together to form the holding device and then integrally united to the base by the hard soldering, the top being open enough to see the stone through it. The stone is inserted through the second open face into the holding device where it is exposed through the first or top opening. It has a "means for retaining the inserted member against removal through said second open face." This infringes claim 1 of the patent. Claim 2 is distinguished from claim 1 in having "means movable to position across said second face for retaining the member against withdrawal." The infringing ring, as shown in the drawing, has a plate which is movable to position across the second face for retaining the stone against withdrawal. Giving these claims their clearly understood meaning, they are infringed.

The patent is valid and infringed.

Decree reversed.