PETERS PATENT CORPORATION v. BATES & KLINKE, Inc.

No. 3712.

District Court, D. Massachusetts.
July 26, 1933.

Harold E. Cole and Vernon W. Marr, both of Boston, Mass., for plaintiff.

Herbert B. Barlow, of Providence, R. I., for defendant.

McLELLAN, District Judge.

This is a suit for the infringement by the defendant of letters patent of the United States, No. 1,570,776, issued to Henry W. Peters on January 26, 1926, which patent, through various assignments, has now come to be owned by the plaintiff in the present suit.

The patent No. 1,570,776 relates to finger rings and other articles of jewelry. The specification of the patent sets forth a means whereby an onyx or other stone can be set without the services of an expert, whereas before it was the practice where monograms or other emblems or the like were to be mounted on the stone to drill through the stone and subsequently insert thereinto a peg or stud projecting from the monogram or other ornamentation, the free end of this peg or stud to be upset to hold the parts assembled. This method of construction required considerable skill, and even under favorable conditions often resulted in split stones, with consequent loss of time and material.

The patent in suit has for its objects:

A special means for holding a stone assembled with a ring, pin, or the like whereby it has the appearance of the so-called mounted onyx or encrusted stone but does not require the skill usually called for in assembling the parts; to mount the stone so that it will be fully protected and the danger of cracking or chipping in the ordinary process of manufacture and wear is practically eliminated; and to provide a means of mounting a stone whereby there is effected a great saving of labor and consequent reduction in cost of manufacture.

The claims of the patent No. 1,570,776, two in number, on both of which the plaintiff relies, read as follows:

"1. An article of jewelry including a base, a holding device integral therewith having an open face, there being also a second open face, and a member insertable through said second open face into the holding device for exposure through the first mentioned open face, and means for retaining the inserted member against removal through said second open face.

"2. An article of jewelry including a base, a holding device integral therewith having an open face and a second face, a separate member, said second face having means for the insertion of said member for exposure through the first named face, said first named face having means for preventing removal of said member therethrough, and means movable to position across said second face for retaining the member against withdrawal."

The patent drawings illustrate the ring structures defined in the claims. These structures are of two types:

First (as shown by Figs. 1 to 6, inclusive, and 10 to 14, inclusive), a ring, including a band portion that is provided with a plate or base. On this base is mounted a holding device in the form of a box. This box is made integral with the base just as specified in the claims. The top of the box is cut out so as to provide any suitable design—such as an emblem, monogram, or the like. This face is referred to in the claims as "an open face." The box is furthermore provided with a second open face through which the onyx or the like is inserted into the box for exposure through the first mentioned open face. The stone is shaped so as to fit snugly within the box and rest upon the base. Means are provided for retaining within the box the inserted stone against removal through the second open face. This means is moved to position across the second open face, and when so moved retains the stone against withdrawal.

Second (as shown by Figs. 7 to 9, inclusive), a ring which lacks the means onto which the onyx or other stone is placed and by which it is supported when inserted into the holding device or box. The box is provided with a cut-out face at its top, and has at its open bottom projecting teeth which after the insertion of the stone are bent against the under surface of the stone.

The defendant relies on the following defenses: (1) That the defendant's ring is constructed in a different manner from that illustrated in any of the multiplicity of showings in the patent in suit; (2) that the Rollings prior use rings (1905–1907), the Balfour rings made in 1922 for the Stephen

High School, and the patents No. 499,091 to Bonner, No. 569,100 and No. 569,495 to Gunther, and No. 728,921 to Hough anticipate the present patent; (3) that there is want of invention or patentability because of the closeness of the prior art; and (4) that no adequate notice of infringement was ever given to the defendant by the plaintiff as required by Revised Statutes, § 4900.

On all the evidence, including the testimony of Mr. Klinke, the treasurer of the defendant, who also qualified as an expert on jewelry manufacture, I find that the defendant's ring has all the elements of the claims of the patent in suit when read in connection with the description and drawings, and that the language of the claims reads on the defendant's construction. Black & Decker Mfg. Co. v. Baltimore Truck Tire Service Corp. (C. C. A.) 40 F.(2d) 910. It was admitted by witnesses for the defendant that the defendant's rings, such as Exhibit Q, have a flat base portion; a holding device "consisting of a top emblem and four downwardly depending sides" which is hard soldered so as to be integral with the flat base portion; an open face through the top emblem of the holding device; another open face for inserting the stone; a stone which is inserted so that it can be seen through the first open space; and a bezel for holding the stone in place.

It follows, therefore, that the plaintiff must prevail, unless the patent is declared void on some ground urged by the defendant, or unless no sufficient notice of infringement was given under R. S. § 4900, as amended (35 USCA § 49).

A certain ring construction, as shown in Exhibits 7, 8, and 9, used by one Albert S. Rollings in the years 1905, 1906, or 1907, is relied upon by the defendant as an anticipation of the patent in suit.

From the testimony of Mr. Rollings, who has been in the business of jewelry manufacturing for 27 or 28 years, it appears, and I find, that he made only four or five rings of the construction relied on; that the rings were made by hand and for friends of his; that it would not be possible to make the parts of his ring with a common die; that he has never owned a machine that would make this kind of ring; that it is possible to strike the stone a severe blow and the ring is not as completely protected as the plaintiff's ring constructed under the patent in suit; and that this construction was completely abandoned by him by 1907, nor has any one else used it, to his knowledge, since that time.

On all the evidence, I find that the Rollings construction differs from that under the patent No. 1,570,776 in several respects, among which are that the Rollings rings are formed with curved parts other than the band and require curved joints; that the holding device has no downwardly depending sides so as to be in the form of a box; and that the stone is not fully protected.

Mr. Rollings is a skilled and experienced jeweller, but he did not see in his own construction of years before any practical solution to the problem of the waste and expense connected with the production of drilled stone rings, and his construction is not an anticipation such as to invalidate the present patent. Babcock & Wilcox Co. v. Springfield Boiler Co. (C. C. A.) 16 F.(2d) 964.

"It is not sufficient to constitute an anticipation [of a patented invention] that the device relied upon might, by modification, be made to accomplish the function performed by the patent in question, if it were not designed by its maker, nor adapted, nor actually used, for the performance of such functions." Topliff v. Topliff et al., 145 U. S. 156, 12 S. Ct. 825, 828, 36 L. Ed. 658.

"It is incumbent upon the defendants, therefore, to show that the prior use which is set up was so far appreciated at the time, and adopted or followed, as to create a well-understood, if not an established, practice, capable at any time of being resorted to, and not something incidental, indefinite, and fugitive, which is now hunted up and brought forward simply for the purpose of defeating the patent." Ajax Metal Co. v. Brady Brass Co. (C. C.) 155 F. 409, 416.

The Balfour rings made in 1922 for the Stephen High School had no flat base portion and no holding device. The stone was not firmly held, and the ring band was made in two parts. The manufacture of these rings was abandoned.

Moreover, the Circuit Court of Appeals for the Second Circuit, in a suit for infringement of the present patent, decided that the rings made in 1922 for the Stephen High School did not anticipate the Peters patent, and Judge Manton said: "The prior use of 1922, referred to as an anticipation, was a ring having no base and no holding device. The stone was not firmly held; it rattled. The band of the ring was made in two parts, which were semicircular, extending from the inside finger portion of the ring band right up to the emblem itself, sufficient space being left under the emblem to have inserted a stone inside the ring band and upwardly so

it would show through the emblem. After inserting the stone, it is hard soldered together. It is not a prior use which will defeat the patent in suit." H. W. Peters Co., Inc., v. MacDonald (C. C. A.) 59 F.(2d) 974, 975.

In American Cone & Wafer Co. v. Denaro, 297 F. 913, 917, the Circuit Court of Appeals for this circuit said: "The rule of comity is not one of courtesy only, but has been established for the very practical and useful purpose of producing uniformity of decisions, where the records are substantially the same, as is the case here, and should not be departed from, except for sound and convincing reasons."

There are here no "sound and convincing reasons" for departing from this rule. The Balfour rings made for the Stephen High School in 1922 are not an anticipation of the patent in suit.

The patent to Bonner, No. 499,091, shows a ring setting with no emblem and no holding device in the form of a box.

The patent to Gunther, No. 569,100, is for constructing a "locket, breastpin, cuff-button, or like article of jewelry," so that a coin can be combined therewith, and was not intended for a ring.

The patent to Gunther, No. 569,495, relates to cuff buttons, and has neither a holding device, emblem, nor base.

The patent to Hough, No. 728,921, is for a brooch, and it has no base or holding device.

There is nothing in any of the constructions of the patents just mentioned, or a combination of them, that would lead a person skilled in the art of jewelry manufacture to make the patent ring construction.

■ "Prior patents, none of which solved the problem, can have no effect in anticipating, qualifying, or defeating the claims for patent protection of those whose subsequent effort produced success." Babcock & Wilcox Co. v. Springfield Boiler Co. (C. C. A.) 16 F. (2d) 964, 969.

The third defense urged by the defendant is want of invention over the prior art.

■ The fact that a patent has been granted is prima facie evidence that the patentee was the first inventor, and the burden of proving lack of invention is upon the one who seeks to deny such invention. Trico Products Corp. v. Apco-Mossberg Corp. (C. C. A.) 45 F. (2d) 594; Diamond Rubber Co. v. Consolidated Tire Co., 220 U. S. 428, 31 S. Ct. 444, 55 L. Ed. 527.

■ The evidence disclosed, and I find, that the so-called drilled-stone ring was the best and only practical stone-with-emblem ring until the rings manufactured under the patent in suit were put on the market. But there were difficulties with the drilled-stone ring, recognized by the manufacturers, such as: Necessity for skilled labor, likelihood of cracked or split stones, loss of time and material, etc. The patentee, in the rings made according to patent No. 1,570,776, has overcome these difficulties and made a distinct contribution to the art. This contribution is not the use of mere mechanical skill, but involves invention. The ring construction according to the patent in suit has met with marked commercial success, and has been copied by competitors, including the present defendant.

"As bearing on the novelty of the plaintiff's invention, the manner in which the public adopted it and their competitors copied it, weighs heavily in the favor of its patentability." Trico Products Corp. v. Apco-Mossberg Corp., supra, at page 598 of 45 F.(2d).

Regarding the defendant's fourth defense, that no adequate notice of infringement was ever given to the defendant by the plaintiff, Revised Statutes, § 4900, reads as follows: "*Patented Articles Marked as Such; Notice of Infringement.* It shall be the duty of all patentees and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented; either by fixing thereon the word 'patent,' together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is inclosed, a label containing the like notice: Provided, however, That with respect to any patent issued prior to April 1, 1927, it shall be sufficient to give such notice in the form following, viz.: 'Patented,' together with the day and year the patent was granted; and in any suit for infringement by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement and continued, after such notice, to make, use, or vend the article so patented." Rev. St. § 4900, as amended Feb. 7, 1927, c. 67, 44 Stat. 1058; USCA title 35, § 49.

On all the evidence, I find that from and after October 14, 1929, the defendant had notice of infringement of the patent in suit sufficient to comply with the statute quot-

ed above. The letter from H. E. Barlow, attorney for the defendant, marked Exhibit V, dated October 14, 1929, refers to the patent in suit and acknowledges infringement notices received.

The plaintiff's patent is valid, has been infringed by the defendant as to both claims contained therein, and the plaintiff is entitled to the relief prayed for in his bill of complaint. A decree may be entered accordingly.