H. W. PETERS CO., Inc., v. MacDONALD et al.

No. 422.

Circuit Court of Appeals, Second Circuit.

Aug. 17, 1934.

CHASE, Circuit Judge, dissenting.

———◆———

Harold E. Cole, of Boston, Mass. (Harold E. Cole and Vernon W. Marr, both of Boston, Mass., of counsel), for appellant.

Melville Church, Clarence B. Des Jardins, and Henry H. Benjamin, all of Washington, D. C., for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above).

This suit is for infringement of United States patent No. 1,570,776. We heretofore held the patent valid and infringed by the defendants [H. W. Peters Co., Inc. v. MacDonald, L. G. Balfour Co., Intervener (C. C. A.) 59 F.(2d) 974] in an opinion by Judge Manton, and a decree was entered on our mandate for an injunction and the usual reference as to damages and profits.

The invention relates to finger rings and more particularly to means whereby an onyx or other stone can be set without requiring the services of an expert. Under the earlier practice, drilled stone rings were made, and, where emblems were mounted on the stone, studs projected from the monogram or emblem were inserted in the holes that had been drilled. This mode of assembling the metal with the stone required considerable skill, and often resulted in splitting the stone and consequent loss of time and material.

We held that complainant's device did not require skilled workmen in order to attach the emblem to the stone. The patentee's method of holding the emblem in a frame which at once encased the stone, protected it from extraordinary injuries and avoided the danger of splitting it by drilling and inserting studs in the drilled holes had resulted in a ring that received wide acceptance and could be made with a saving of time, labor, and expense. Nothing was shown in the prior art which affected the validity of the patent. We held the patent infringed by a ring in which the stone was inserted into the frame through an opening on the inside of the ring.

After the foregoing decision, the complainant took steps to apprise defendants and their customers of its rights and claims and to warn them against future infringements. Upon a petition filed by the defendants, after permission from this court, 61 F.(2d) 1031, the case was reopened in order to permit them to amend their answer so as to set forth what they regarded as misrepresentations of the scope of our decision and unfair threats and intimidation. After the answer had been thus amended, the cause again came on for trial before Judge Thomas, who held that the scope of the decree had been misrepresented and customers had been threatened and intimidated. He entered a modified decree holding the patent valid and infringed by the defendants and enjoined them from further acts of infringement, but, because of the inequitable conduct of complainant, deprived it of the right to an accounting and enjoined it from publishing or otherwise disseminating any statement which should not accurately indicate the scope of our decision and restrained it from using the decision to threaten or induce customers of defendants to break or cancel contracts for the purchase of rings which did not infringe the patent. 5 F. Supp. 692.

The two claims of the patent are as follows:

"1. An article of jewelry including a base, a holding device integral therewith having an open face, there being also a second open face, and a member insertable through said second open face into the holding device for exposure through the first mentioned open face, and means for retaining the inserted member against removal through said second open face.

"2. An article of jewelry including a base, a holding device integral therewith having an open face and a second face, a separate member, said second face having means for the insertion of said member for exposure through the first named face, said first named face having means for preventing removal of said member therethrough, and means movable to position across said second face for retaining the member against withdrawal."

There appears to have been nothing on the market having the useful attributes of com-

plainant's stone protected rings except its own, those of the defendant L. G. Balfour Company (which we held infringed the patent), the so-called Pittsfield ring (Exhibit D–20), and the soldered ring (Exhibit D–24), which were sold by the same defendant. There is some testimony as to others which, however, were not identified or produced on the trial. It is argued that Exhibits D–20 and D–24 do not infringe the patent. This is said to be the case because the frame integrally united to the body of the ring has no second open face through which the stone is inserted to be exposed through an open face of the holding device, which is partially closed by the emblem or mounting, and also because there are no retaining means for closing the second open face of the holding device or frame. It is true that in both Exhibits D–20 and D–24 there is no way of inserting the stone after the frame has once been placed in position on the shank of the ring and that the only second open face is the opening in the bottom of the frame. If "a holding device integral" with the base (to use the wording of the claims) means "integral" before the stone is inserted, Exhibits D–20 and D–24 do not infringe. But "integral" may mean "integral" when finally assembled, and, if it does, each device has two open faces, one at the top of the frame or collar and one at the bottom. The stone is inserted through the bottom opening, as was done in the ring we held to infringe on the former appeal, and each ring possesses means, though differing from those specifically described in the patent, for retaining the stone in place.

It must be remembered that if possible the claims should be read with enough liberality to preserve the invention, and, if evasions as obvious as those in Exhibits D–20 and D–24 enable infringers to escape the patent, though it has received the tribute of success in the commercial world, will have little practical chance of survival. It is hard to imagine a journeyman mechanic, familiar with complainant's patent, who could not quickly devise such rings as Balfour has put on the market, if his purpose was to avoid the claims while reaping the benefits of the invention. The real contribution of the inventor to the art was the elimination of drill holes and studs for fastening emblems to stones in rings, incasing the stones in a frame, and providing a means for firmly holding them there. The defendant Balfour does this in essentially the way described in the patent, and makes a product closely parallel to complainant's. Balfour's rings either in-

fringe, or might reasonably have been supposed by complainant to do so.

 In view of the fact that the patent apparently covered all forms of stone protected rings actually on the market or disclosed in the evidence, we think complainant could not properly be deprived of its right to prove damages against infringers under the reference granted in the original decree merely because it had notified the public that our decision covered all stone rings of that type. We cannot suppose that complainant would attempt to forecast the future and say that the decree would embrace any rings that might be devised thereafter. The utmost that can rationally be imputed to its warnings is the claim that all defendants' rings infringed. Anything further, if proclaimed from the house tops, would be mere "brutum fulmen."

The article in the Dedham Transcript is relied on as unfair. We cannot see that it was really of any importance. It said that Peters had won his patent suit, praised his rings, and indicated that his company had been awarded $22,000 damages by the court. This was a careless statement and seems to have been repeated in a smaller figure on another occasion, but the fact that the article suggested that Peters' cause of action had been reduced to judgment ought not to make him an outlaw. If it had said that Peters would recover $22,000 on the accounting, no one could object.

The warning to Balfour not to fill his contract to supply rings to the Pittsfield High School class related to a type of ring that probably infringed. There was no claim that the patent covered every possible stone protected ring, but at most only insistence that defendants' rings came within the scope of our decision.

Much was made by the trial court of the pamphlet commenting on Judge Manton's opinion sustaining the patent and holding that it was infringed, but we can find nothing that passes the bounds of legality or propriety.

The letters (Exhibits D–8 and D–26) stating that certain contracts of Balfour to sell stone protected rings were illegal and that he had no right to manufacture this "type of jewelry," and that, if his customers wished to buy, they should purchase of complainant, ought not to deprive the latter of a recovery of loss of profits. They amounted to a mere reiteration of its position, showed no wrongful or malicious purpose and involved no illegal act.

The interview with Mr. Stewart of the Virginia Military Institute likewise amounted to no more than the assertion of Peters' patent rights with some braggadocio anent the damages to be recovered from Balfour.

There is no proof that the defendants have suffered any damages from complainant's hortatory dynamics. The antics of competitors (and patentees who have won a lawsuit are no exception) often are far from edifying. At times neither Peters nor Balfour has shown exemplary taste, and we would advise them to exercise more self-restraint in the future. But the case is far from one where a patentee has deliberately or inexcusably misrepresented the scope of a decree in his favor in important respects and caused his competitors to suffer serious damage. Such was the case according to the finding of the majority of the court in Art Metal Works v. Abraham & Straus (C. C. A.) 70 F.(2d) 641. Here there was no deliberate or even inexcusable misrepresentation as to any important matter. Accordingly the decree should be reversed, and the earlier decree reinstated, with costs to the complainant.

CHASE, Circuit Judge, dissents without opinion.